UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENDA MCCRAE,

    *Plaintiff*,

v.

SMITHSONIAN INSTITUTION,

    *Defendant*.

Civil Action No. 22-2862 (RDM)

## MEMORANDUM OPINION

This slip-and-fall case is before the Court on Defendant's motion to dismiss and request to vacate the prior entry of default by the Superior Court. Dkt. 7. For the reasons that follow, the Court will **VACATE** the entry of default and **GRANT** Defendant's motion to dismiss for lack of subject-matter jurisdiction.

### I. BACKGROUND

Plaintiff Brenda McCrae initiated this lawsuit against the Smithsonian Institution ("Smithsonian") in District of Columbia Superior Court on June 15, 2022. Dkt. 1-1 at 9. She alleges that on July 26, 2019 she fell down a flight of stairs at the National Portrait Gallery (which is part of the Smithsonian) because the stairs and handrail were "slippery." *Id.* at 9–10, 14. And she requests $150,000 in damages for the "intense pain," "humiliation," and "fear" this fall allegedly caused her. *Id.* at 9, 14.

McCrae never properly served the Smithsonian.[1] Dkt. 2 at 1–3. Nevertheless, on September 16, 2022, the Superior Court entered an Order of Default against the Smithsonian for

---

[1] Because McCrae has not disputed the Smithsonian's representations regarding service, the Court accepts them as true.

failure to respond to the complaint. *Id.* at 1. Perhaps prompted by this order, the Smithsonian appeared and removed the case to this Court on September 20. Dkt. 1. It also asked the Court to vacate the Superior Court's entry of default. Dkt. 2 at 1. In response, the Court ordered McCrae to show cause why the entry of default should not be vacated, Min. Order (Oct. 9, 2022), which she never did.

The Smithsonian has since moved to dismiss the case for lack of subject-matter jurisdiction and for failure to state a claim. Dkt. 7. The Court need reach only the first of these defenses.

## II. ANALYSIS

The plaintiff bears the burden to establish that the Court has subject-matter jurisdiction. *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, "[i]n appropriate cases," a court may "dispose of a motion to dismiss for lack of subject matter jurisdiction . . . on the complaint standing alone." *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). "[W]here necessary," however, a court may consider "the complaint supplemented by undisputed facts" or resolve factual disputes. *Id.* A court relying on the pleadings to resolve a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "assume[s] the truth of all material factual allegations in the complaint." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). But it may also treat as conceded arguments a defendant makes that the plaintiff does not contest in their opposition. *Xenophon Strat., Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017).

The Smithsonian contends that the Court lacks subject-matter jurisdiction over this case under doctrine of "derivative jurisdiction," because the Superior Court lacked jurisdiction over the case in the first instance. The Court agrees.

When a case is removed from state court to federal court, "[t]he jurisdiction of the federal court on removal is, in a limited sense, . . . derivative" of the state court's jurisdiction. *Lambert Run Coal Co. v. Baltimore & O.R. Co.*, 258 U.S. 377, 382 (1922). This means that where "[t]he state court [i]s without jurisdiction" over a case initially, "the [federal] District Court c[annot] acquire jurisdiction . . . by the removal." *Id.* Thus, when confronted with a removed case over which there was no jurisdiction in state court at the outset, a federal court must dismiss the case, even if the case "could have [been] filed . . . in federal court in the first instance." *Cofield v. United States*, 64 F. Supp. 3d 206, 214 (D.D.C. 2014). This rule does not apply across the board: "Congress has . . . eliminated derivative jurisdiction as a barrier to actions removed under 28 U.S.C. § 1441"—the general federal-question removal statute. *Johnson v. D.C. Metro Transit Auth.*, 239 F. Supp. 3d 293, 295 (D.D.C. 2017); 28 U.S.C. § 1441(f). But, "for whatever reasons," Congress has maintained the doctrine of derivative jurisdiction for cases removed on other bases. *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 351 (5th Cir. 2014) (alteration omitted) (quoting *Rodas v. Seidlin*, 656 F.3d 610, 619 (7th Cir. 2011)).

The Smithsonian removed this case under 28 U.S.C. § 1442(a)(1). Dkt. 1 at 1. Under that provision, "any agency" of the United States may remove to federal court "[a] civil action . . . that is commenced in a State court and that is against or directed to" such agency. 28 U.S.C. § 1442(a)(1). This basis for removal was available to the Smithsonian because it is a federal agency. *In re Subpoena In Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008) (Smithsonian a federal

agency). As such, the doctrine of derivative jurisdiction applies, and this Court has jurisdiction over the case only if the Superior Court had jurisdiction in the first place.

The Superior Court did not have jurisdiction in the first place. The Smithsonian contends—and McCrae does not contest—that her claim is subject to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. The FTCA governs "civil actions . . . against the United States, for . . . personal injury . . . caused by the [allegedly] negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). This lawsuit is a civil action against the United States, through one of its agencies. *In re Subpoena In Collins*, 524 F.3d at 251; *Expeditions Unlimited Aquatic Enters., Inc. v. Smithsonian Inst.*, 566 F.2d 289, 296 (D.C. Cir. 1977) ("Because the Smithsonian is a federal agency, its employees are 'employee(s) of the government,' and the [FTCA] action thus may lie."). And it is for personal injury to McCrae caused by, the Court infers, negligence on behalf of a Smithsonian employee for failing to maintain the stairs at the Portrait Gallery in a safe condition. *See* Dkt. 1-1 at 9–10, 14. Critically, the FTCA confers "exclusive jurisdiction" on the federal district courts over such actions. 28 U.S.C. § 1346(b). As a result, the Superior Court lacked jurisdiction over McCrae's claim.

Because the Superior Court was without jurisdiction over the case, so too is this Court. McCrae could fix this problem by re-filing directly in federal court. But as things stand, the Court cannot adjudicate her claim. Because this Court is without jurisdiction, it expresses no views on any further obstacles that McCrae might face if she refiles in federal court.

## CONCLUSION

Since the Superior Court never had subject-matter jurisdiction over this matter, the Order of Default it entered was without legal effect. The Court, accordingly, will **ORDER** that the entry of default be **VACATED**. And, because the Court concludes that it too lacks subject-matter jurisdiction, it will **ORDER** that the case be dismissed.

A separate order will follow.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: June 23, 2023